```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                  :
UNITED STATES OF AMERICA
                                                  :   CONSENT PRELIMINARY ORDER
           - v. -                                      OF FORFEITURE/
                                                  :   MONEY JUDGMENT
RALPH LABOY,
                                                  :   S11 16 Cr. 387 (JMF)
                     Defendant.
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

WHEREAS, on or about December 18, 2022, RALPH LABOY (the "Defendant"), was charged in a five-count superseding Information, S11 16 Cr. 387 (JMF) (the "Information"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); murder of Anthony Castro-Carrillo, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2 (Count Two); murder of Anthony Castro-Carrillo in connection with a drug crime, in violation of Title 21, United States Code, Section 848(e)(1)(A), and Title 18, United States Code, Section 2 (Count Three); use of a firearm for the murder of Anthony Castro-Carrillo, in violation of Title 18, United States Code, Sections 924(j)(1) and 2 (Count Four); and murder of FNU LNU, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2 (Count 5);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, of any and all interests the Defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described in the Information (*La Organizacion de Narcotraficantes Unidos*), which the Defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and

derived from proceeds obtained, directly and indirectly, from the racketeering activity as alleged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about December 18, 2022, the Defendant pled guilty to Counts One through Five of the Information, pursuant to a plea agreement with the Government (the "Plea Agreement"), wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, (i) any interest acquired or maintained as a result of the offense charged in Count One of the Information, (ii) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise that established, operated, controlled, conducted, or participated in the conduct charged in Count One of the Information, and (iii) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity offense charged in Count One of the Information;

WHEREAS, pursuant to the Plea Agreement, any forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $197,000 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Justin V. Rodriguez of counsel, and the Defendant, by his counsel, Harvey Fishbein, Esq. and Peter Quijano, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $197,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, RALPH LABOY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

       5.       Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

       6.       Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

       7.       The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____     December 11, 2023
Justin V. Rodriguez                      DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637- 2591


RALPH LABOY

By: _____     12/10/23
Attorneys for Defendant                  DATE
Harvey Fishbein, Esq.      Peter Quijano, Esq.
111 Broadway               49 Fulton Street
Suite 701                  Floor 23
New York, NY 10006         New York, New York 10038


SO ORDERED:

_____          January 31, 2024
HONORABLE JESSE M. FURMAN                DATE
UNITED STATES DISTRICT JUDGE